UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARON & BUDD, P.C., THE LAW OFFICE OF BERNARD L. CHARBONNET, JR., APLC and BERNARD L. CHARBONNET, JR., individually,<br><br>Plaintiffs,<br><br>v.<br><br>BERMAN, DEVALERIO, & PEASE, LLP a/k/a BERMAN DEVALERIO, ATTORNEYS AT LAW,<br><br>Defendant. | CIVIL ACTION NO. 09-4171<br><br>JUDGE IVAN LEMELLE<br><br>SECTION "B"<br><br>MAGISTRATE JUDGE WILKINSON |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... i

ARGUMENTS ........................................................................................................ 1

I.  PLAINTIFFS FAIL TO SHOW HOW AN ACTUAL
    CASE OR CONTROVERSY EXISTS IN THE
    CURRENT CASE ........................................................................................ 1

II. PLAINTIFFS RELY ON AN CORRECT STANDARD
    FOR DISMISSAL UNDER RULE 12(b)(6) ................................................ 3

III. PRIOR COMMUNICATIONS AND PERFORMANCE UNDER
     THE FEE-SHARING AGREEMENT FURTHER SUPPORT
     THAT A CONTRACTUAL RELATIONSHIP BETWEEN
     PLAINTIFF BARON & BUDD AND DEFENDANT
     DOES NOT EXIST ..................................................................................... 4

IV. RULE 1.5(e) OF THE LOUISIANA RULES OF PROFESSIONAL
    CONDUCT APPLIES TO THE INSTANT CASE ...................................... 5

    A.  The Joint Venture exception to the application of
        Rule 1.5(e) does not apply .............................................................. 5

    B.  There is no difference between the old version of Rule 1.5(e)
        and the revised version that changes the analysis here .................. 8

CONCLUSION ........................................................................................................ 9

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal,*
129 S. Ct. 1937 (2009)......................................................................3, 6

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ............................................................................3

*Bertucci v. McIntire,*
693 So. 2d 7 (La. App. 1997)..............................................................7

*Carlson, et al. v. Xerox Corp., et al.,*
Civ. No. 00-CV-1621 (D. Conn. 2000).....................................*passim*

*Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts,*
354 So. 2d 192 (La. 1978).............................................................5, 6, 7

*Dukes v. Matheny,*
878 So. 2d 517 (La. App. 2004) ....................................................6, 7, 9

*Gonzalez v. Kay,*
577 F.3d 600 (5th Cir. 2009) ...............................................................3

*Louisiana Supreme Court Comm. on Bar Admissions v. Roberts,*
779 So. 2d 726 (La. 2001) ...................................................................2

*Lowrey v. Tex. A&M Univ. Sys.,*
117 F.3d 242 (5th Cir. 1997) ...............................................................3

*Preiser v. Newkirk,*
422 U.S. 395 (1975) ............................................................................2

*Scurto v. Siegrist,*
598 So. 2d 507 (La. App. 1992) .................................................5, 6, 7

*In re Succession of Bankston,*
844 So. 2d 61 (La. App. 2003) ............................................................8

*United States Servicemen's Fund v. Killeen Indep. Sch. Dist.,*
489 F.2d 693 (5th Cir. 1974) ...............................................................2

*Warner v. Carimi Law Firm,*
App. 678 So. 2d 561 (La. App. 1996) .................................................8

## STATUTES & RULES

Rule 12(b)(6) ................................................................................3

## UNREPORTED DECISIONS

*Gauthier, Houghtaling & Williams, LLP v. David L. Spear of Events Inc.*,
No. 08-1271, 2008 WL 2073985 (E.D. La. May 14, 2008) ............................2

*Miles v. Potter*,
No. 06-10789, 2007 WL 1890685 (E.D. La. June 28, 2007) ........................4

## OTHER

Rules of Professional Conduct, Rule 1.5(e)(1) ..............................................8

Defendant Berman, DeValerio, & Pease, LLP a/k/a Berman DeValerio, Attorneys At Law ("Berman DeValerio") respectfully submits this reply brief in response to Plaintiffs' opposition to Defendant's motion to dismiss.

## ARGUMENTS

### I. PLAINTIFFS FAIL TO SHOW HOW AN ACTUAL CASE OR CONTROVERSY EXISTS IN THE CURRENT CASE

Plaintiffs' argument that suit is not premature in the instant litigation since only a portion of the Xerox Class Action Settlement is on appeal misses the point entirely and mischaracterizes the current status of the *Xerox* litigation. Although Plaintiffs are correct that only a portion of the *Xerox* action is on appeal, it is that portion of the case that is on appeal that is at the heart of the instant litigation. Plaintiffs have brought suit alleging that they are owed additional referral fees from the Xerox securities class action lawsuit.[1] A final award of attorney's fees, however, has not taken place in the *Xerox* litigation since the judgment awarding attorney's fees in *Xerox* is currently on appeal. *See* Exh. B to Motion to Dismiss, Dkt. No. 12. Thus, the fact that the entire litigation is not on appeal is irrelevant since the portion that *is* on appeal is at the very heart of the instant dispute; to wit, what, if any, referral fees are owed to Plaintiffs from the *Xerox* class action lawsuit. Plaintiffs' insinuation that Defendant has somehow misinformed this Court about the nature of the *Xerox* litigation is entirely without merit. *See* Plaintiffs' Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss ("Opp. Br.") at 4 ("Defendant fails to advise this Court that the entire *Xerox* case is not on appeal.").

Moreover, the Supreme Court of Louisiana has held that "[f]or a declaratory judgment to be granted, there must be a justiciable controversy, as courts are not

---

[1] This case is entitled *Carlson, et al. v. Xerox Corp., et al.*, Civ. No. 00-CV-1621 (D. Conn. 2000).

permitted to issue advisory opinions based on a contingency which may or may not occur." *Louisiana Supreme Court Comm. on Bar Admissions v. Roberts*, 779 So. 2d 726, 728 (La. 2001).[2] Thus, until Defendant knows what its fees will be from the *Xerox* litigation, any alleged "disputes" with regard to said fees are premature and merely hypothetical. *See, e.g., United States Servicemen's Fund v. Killeen Indep. Sch. Dist.*, 489 F.2d 693, 694 (5th Cir. 1974) ("Whether in actions for declaratory judgment or other relief, federal courts established under Article III of the Constitution do not render advisory opinions").[3]

Lastly, Plaintiffs gloss over the fact that Plaintiffs prematurely filed a complaint in the above-captioned litigation before making their claims clearly known to Defendant and without attempting to resolve their differences. Plaintiffs' response is to point to events that occurred *after* Plaintiffs had already filed suit. Opp. Br. at 5-6. As such, any attempts to resolve the instant litigation after Plaintiffs had already filed suit has no bearing on whether Plaintiffs prematurely filed suit in the first place. Tellingly, Plaintiffs ignore the fact that, after Defendant sent Plaintiffs the operative fee-sharing agreement, dated June 18, 2001, Plaintiffs failed to respond despite the fact that Defendant specifically noted that they would be available for a conference call to discuss the matter further once Plaintiffs had a chance to review the June 18, 2001 agreement. *See* Compl.,

---

[2] Plaintiff's reliance on *Gauthier, Houghtaling & Williams, LLP v. David L. Spear of Events Inc.*, No. 08-1271, 2008 WL 2073985 (E.D. La. May 14, 2008) to support their claim that suit seeking declaratory judgment is not premature is inapposite to the case at hand since *Gauthier* involved a motion to remand, not a motion to dismiss, and the Court did not address the issue of whether it was being asked to issue an advisory opinion.

[3] Plaintiffs also incorrectly note that, with respect to Defendant's prematurity argument, Defendant is seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Opp. Br. at 6 ("Defendants claim that sufficient time has not elapsed to explore settlement is not grounds for dismissal under Rule 12(b)(6)."). Rather, dismissal is appropriate under Article III of the U.S. Constitution as "[t]he exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," which does not exist here. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).

Exh. G. Rather than explaining why Plaintiffs chose to file a lawsuit instead of discussing the issue further after having had a chance to review all the operative documents, Plaintiffs instead point to events that occurred after suit was commenced. This argument should be ignored by the Court as the red herring that it is.

## II. PLAINTIFFS RELY ON AN INCORRECT STANDARD FOR DISMISSAL UNDER RULE 12(b)(6)

Plaintiffs rely on the pre-*Iqbal* standard in asserting that Defendant has failed to meet its burden in a motion to dismiss under Rule 12(b)(6). Opp. Br. at 3 and 8 (stating "The district court may not dismiss a complaint under rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).

The current standard for dismissal under Rule 12(b)(6), however, is whether Plaintiffs have pled enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). As such, the standard for dismissal is not nearly as "crushing" as Plaintiffs assert and Defendant respectfully submits dismissal of the instant suit is appropriate since Plaintiffs have not pled facts sufficient to show: (1) the existence of a contractual relationship between Plaintiff Baron & Budd and Defendant and/or that a valid assignment of rights occurred between the original parties to the fee-sharing agreement and Baron & Budd or

(2) that the fee-sharing agreement is enforceable under Rule 1.5(e) of Louisiana's Rules of Professional Conduct.

### III. PRIOR COMMUNICATIONS AND PERFORMANCE UNDER THE FEE-SHARING AGREEMENT FURTHER SUPPORT THAT A CONTRACTUAL RELATIONSHIP BETWEEN PLAINTIFF BARON & BUDD AND DEFENDANT DOES NOT EXIST

Plaintiffs attempt to argue that "Defendant's own conduct" shows that Baron & Budd is a successor-in-interest to the fee-sharing agreement. To the contrary, however, Defendant's conduct only provides further evidence that Baron & Budd is not, and never had been, a party to the fee-sharing agreement. In fact, the evidence cited to by Plaintiffs shows that all checks and communications made with respect to the fee-sharing agreement were made to LeBlanc & Waddell LLC ("L&W LLC") and not to Plaintiff Baron & Budd. *See* Exhs. C-D, Opp. Br. Plaintiffs make much of the fact that Defendant's most recent check was made payable to "LeBlanc & Waddell c/o Baron & Budd, P.C." and that a letter was also sent to L&W LLC care of Baron & Budd. Opp. Br. at 7. All this shows, however, is that Plaintiff Baron & Budd was acting as an intermediary responsible for transferring mail between the postal system and L&W LLC. This does not show in any way the existence of a contractual relationship between Defendant and Plaintiff Baron & Budd or that a valid assignment of rights occurred between L&W LLC and Baron & Budd with respect to the fee-referral agreements.

Moreover, in ruling on a motion to dismiss, the Court must ignore Plaintiffs' references to documents not explicitly referred to in their pleadings. *See, e.g., Miles v. Potter*, No. 06-10789, 2007 WL 1890685, at *4 (E.D. La. June 28, 2007). Any assessment concerning the evidentiary value of extraneous documents not a part of Plaintiffs' initial complaint should be left to a Rule 56 summary judgment motion after

appropriate discovery has taken place. *See id.* (noting that the consideration of extraneous documents generally requires a Rule 12(b) motion to be considered as one for summary judgment unless the documents are referred to in the Plaintiffs' complaint and are integral and central to Plaintiffs' claim).

## IV. RULE 1.5(e) OF THE LOUISIANA RULES OF PROFESSIONAL CONDUCT APPLIES TO THE INSTANT CASE

### A. The Joint Venture exception to the application of Rule 1.5(e) does not apply

Plaintiffs' claim that the Louisiana Rules of Professional Conduct does not apply to the case at hand is a straw man argument that should be ignored by this Court. In its opposition brief, Plaintiffs cite *Scurto v. Siegrist*, 598 So. 2d 507 (La. App. 1992) and *Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts*, 354 So. 2d 192 (La. 1978) for the proposition that a suit to recover a referral fee pursuant to a fee-sharing agreement is not a suit to recover attorneys' fees – rather, it is a pure contract case – and thus Rule 1.5(e) of the Rules of Professional Conduct does not apply. *See* Opp. Br. at 11. Plaintiffs fail to mention, however, that this theory only applies in the context of "joint ventures" between attorneys, and thus is not applicable here.

In *Duer*, the Fifth Circuit certified the following question of law to the Supreme Court of Louisiana: whether or not Louisiana Civil Code Art. 3538 prescribes an action by one attorney against another for a share in a fee collected more than three years before the action was brought? 354 So.2d at 194. The court had to decide if the action was one seeking attorneys' fees, and thus must be brought within three years, or was a personal action that must be brought within ten years. *Id.* at 195. The clients, in *Duer*, had retained Duer & Taylor to represent them in contesting a will. Duer & Taylor associated

the Defendant, the law firm of Blanchard, Walker, O'Quin & Roberts, to perform certain legal services. *Id* at 194. The court found that "[w]here an attorney retained in a case employs or procures the employment of another attorney to assist him, as regards the division of the fee, the agreement constitutes ***a joint venture or special partnership***." *Id* at 194-95 (emphasis added). Thus, the court found, this case "is not one for the recovery of attorney's fees, but rather is one for breach of the agreement to share in the fund resulting from the payment of the fee." *Id.* *Duer* turned on the fact that the agreement between the attorneys was a joint venture and has been limited to that specific situation by the Louisiana courts. *See Dukes v. Matheny*, 878 So. 2d 517, 520 (La. App. 2004) (finding that *Duer* does not apply when the attorneys have not been jointly involved in the representation of the client).

In *Scurto*, the retained attorney who sought to recover his share of the contingency fee was actively and continually involved with the case by frequently communicating with the client, advancing costs, researching jurisprudence and statutory law, and attending depositions. 598 So. 2d at 510. The Court of Appeals of Louisiana found that the attorneys there were in a joint venture and, applying *Duer*, found that the Rules of Professional Conduct did not prohibit enforcement of the fee sharing agreement. *Id.* Like *Duer*, *Scurto* is inapposite here because Plaintiffs and Defendant are not, and never were, in a joint venture. Moreover, Plaintiffs have not pled the existence of a joint venture, raising the issue of "facial plausibility" to the claim as mandated to meet the Rule 12(b)6 pleading standard. *Iqbal*, 129 S. Ct. at 1949.

Plaintiffs do not allege that they provided any legal services to the client in the *Xerox* matter. Indeed, Plaintiffs did not provide any legal services in the *Xerox* matter

and thus, as a matter of law, could not have been in a joint venture with Defendant. Plaintiffs do not allege that they communicated with or managed the client in any way concerning the *Xerox* matter. The agreement between Plaintiffs and Defendant concerning the client makes no mention of Plaintiffs providing legal services to the client. Nothing in the agreement between Plaintiffs and Defendant suggests that a joint venture was at hand. In fact, the only service Plaintiffs offer is that of a referral. Thus, this action is squarely in line with *Dukes,* 878 So. 2d at 520.

In *Dukes*, the client signed a retainer agreement with Defendant Matheny and "[a]lthough Dukes' name was placed in the "referred by" portion of the retainer agreement, he was not a party to the agreement." 878 So. 2d at 519. When the case was settled, Dukes tried to recover a portion of the fees, as a referral fee. *Id.* When Matheny baulked, Dukes brought an action claiming that the attorneys were in a joint venture and that he was entitled to fifty percent of the fee. *Id.* at 521. The court disagreed, noting that "the law does not provide a basis for recovering a fee for the referral of a legal matter by one attorney to another. To be entitled to recover a portion of the contingency fee generated in a referred matter, the referring attorney must participate in the representation of the client." 878 So. 2d at 521, *citing Bertucci v. McIntire,* 693 So. 2d 7, 8 (La. App. 1997) (refusing to uphold oral referral fee agreement between attorneys and finding division of fee was in proportion to services performed, rather than percentage agreed).

In *Dukes* the Court found that because Plaintiff had little, if any, involvement in this case and that *Duer* and *Scurto* were not controlling. 878 So.2d at 521. "Since the parties' agreement did not provide for the joint representation of [the client], the joint venture theory is inapplicable to the facts of this case. Accordingly, in the absence of

joint representation and a written agreement with the client, if an oral agreement to divide a fee existed in this case, the fee could be divided only on a quantum meruit basis." *Id. citing* Rules of Professional Conduct, Rule 1.5(e)(1).

Likewise, here, in the absence of joint representation and a written agreement with the client, the fee from the Xerox matter can only be divided on a quantum meruit basis. The statute cannot be abrogated by the existence of a written agreement for a referral fee. *See In re Succession of Bankston,* 844 So. 2d 61, 64 (La. App. 2003) (finding that prohibition against unreasonable attorney fees in Rule 1.5 of Professional Rules of Conduct cannot be abrogated by a valid contingency fee contract); *Warner v. Carimi Law Firm,* App. 678 So. 2d 561, 565-66 (La. App. 1996) (same).

> **B.   There is no difference between the old version of Rule 1.5(e) and the revised version that changes the analysis here.**

Moreover, Plaintiffs fail to show that they satisfy Rule 1.5(e) even if the older version of the rule governs the instant litigation. Old Rule 1.5(e) also has not been satisfied. Old Rule 1.5(e) provides:

> A division of fee between lawyers who are not in the same firm may be made only if:
>
> > (1) The division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibility for the representation;
> > (2) The client is advised of and does not object to the participation of all the lawyers involved; and
> > (3) The total fee is reasonable.

First, it cannot be said that the division sought by Plaintiffs here is in proportion to the services performed. It is beyond purview that Plaintiffs performed absolutely no services in the *Xerox* matter. On a *quantum meruit* basis, Plaintiffs would only be entitled to receive payment for the services performed and the responsibilities assumed.

*Dukes,* 878 So. 2d at 521. Second, neither is there a written agreement with the client for each lawyer to assume joint responsibility and Plaintiffs did not assume *any* responsibility for representation of the client. Thus, the first prong of the Rule is not satisfied nor do Plaintiffs even attempt to plead compliance.

Moreover, Plaintiffs cannot establish the other prongs of Old Rule 1.5(e)'s test. Plaintiffs have not alleged that the client was informed or had a chance to object to Plaintiffs' participation in the *Xerox* matter. Indeed, Plaintiffs *did not* participate in the matter at all and thus there was nothing about which to inform the client. Finally, the fee sought by Plaintiffs is entirely unreasonable considering that Plaintiffs provided no legal services whatsoever in the *Xerox* matter.

## CONCLUSION

For the foregoing reasons, Defendant prays that the Court dismiss all counts with prejudice in their entirety.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:     */s/ Harry Rosenberg*
       Harry Rosenberg (Bar #11465)
       Canal Place
       365 Canal Street – Suite 2000
       New Orleans, Louisiana 70130-6534
       Telephone: (504) 566-1311
       Telecopier: (504) 568-9130
       Email: harry.rosenberg@phelps.com

**ATTORNEYS FOR BERMAN, DEVALERIO, & PEASE, LLP A/K/A BERMAN DEVALERIO, ATTORNEYS AT LAW**

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2009 I electronically filed the foregoing with the Clerk of Court by using the CMECF system which will send a notice of electronic filing to the following: pklotz@bellsouth.net and bsims@velaw.com. I further certify that all parties to this action are included in the electronic list and there is no need for additional service.

/s/ *Harry Rosenberg*